# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **NATHANIEL ALLEN BRUNETTE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No.: 1:15-cv-01253-RDP-JEO |
| | ) |
| **SHERIFF LARRY AMERSON,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is an action for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by Nathaniel Allen Brunette. In his habeas petition, which Brunette filed *pro se*, he has alleged that he was a pretrial detainee being held by Alabama officials in the Calhoun County Jail. (Doc.[1] 1). He subsequently notified the court that he had been transferred to the Cullman County Jail. (Doc. 7).

On December 18, 2015, the Magistrate Judge entered a Report and Recommendation pursuant to 28 U.S.C. § 636(b), recommending that the action be dismissed without prejudice based both on Brunette's's failure to exhaust available State remedies and on the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 8). The Report and Recommendation further advised Brunette of his right to file objections to the Report and Recommendation within fourteen (14) days. (*Id.*) That period has expired, however, and no objections have been filed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's Report and Recommendation, the court is of the opinion that the Magistrate Judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**.

---

[1] References herein to "Doc. __" are to the docket numbers assigned by the Clerk of the Court to the pleadings filed in this matter.

Accordingly, the petition for a writ of habeas corpus is due to dismissed without prejudice.

Further, a petitioner is required to obtain a certificate of appealability in order to appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out process issued by a state court." 28 U.S.C. § 2253(c)(1)(A). That language encompasses final orders relative to habeas petitions by detainees awaiting trial in state court on criminal charges. *See Evans v. Oliver*, 2013 WL 4027766, at *4 (S.D. Ala. Aug. 7, 2013); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *cf. Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003); *Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008). It is appropriate for the court to either issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rules 1(b), 11(a), RULES GOVERNING § 2254 HABEAS PROCEEDINGS. The court concludes that the instant petition does not present issues that are debatable among jurists of reason, so a certificate of appealability is due to be denied. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). A separate Final Judgment will be entered.

**DONE** and **ORDERED** this ____16th____ day of February, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE